. NORRIS v. STATE.

No. A-2651.    Opinion Filed July 8, 1916. ·

(158 Pac. 639.)

**TESTIMONY OF ACCOMPLICE—Necessity of Corroboration.** A conviction upon the uncorroborated testimony of an accomplice is prohibited by our statute.

*Appeal from District Court, Atoka County;*
*J. H. Linebaugh, Judge.*

C. H. Norris was convicted of larceny, and appeals. Reversed.

*J. C. Ralls* and *Jones & McCasland,* all of Atoka, for plaintiff in error.

*R. McMillan, Asst. Atty. Gen.,* for the State.

ARMSTRONG, J.  C. H. Norris, the plaintiff in error, was convicted at the October, 1915, term of the district court of Atoka county on a charge of larceny, and his punishment fixed at imprisonment in the state penitentiary for a period of two years.

This cause was argued by counsel for plaintiff in error, and submitted on a confession in error by the Assistant Attorney General.  It was the contention of the counsel for the plaintiff in error that the evidence was not sufficient to warrant a conviction.  The Assistant Attorney General concedes the correctness of this position, and files a written confession in error on behalf of the state.  An examination of the record discloses no sufficient testimony to support the verdict.  The incriminating facts were testified to by an admitted accomplice, and there was no proof supporting these facts from other sources.  The law prohibits a conviction of this kind.  The confession in error is therefor sustained, and the judgment reversed.

Mandate ordered forthwith.

DOYLE, P. J., and BRETT, J., concur.